UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

STEVEN HAROLD LOGA

CRIMINAL ACTION

NO.: 3:11-cr-00062-BAJ-SCR

RULING AND ORDER

Before the Court is Petitioner's *pro se* **MOTION TO RECONSIDER (Doc. 44)**, requesting that the Court reconsider its "decision to deny his [18 U.S.C. §] 2255 appeal," (*id.* at p. 1). In the alternative, Petitioner "request[s] a Certificate of Appealability so that he may move his appeal to the 5th Circuit Court of Appeals." (*Id.* at p. 2).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, Federal Rule of Civil Procedure ("Rule") 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court denied Petitioner's § 2255 motion on June 28, 2013. (Doc. 43). Seventeen days later, on July 15, 2013, Petitioner filed the Motion to Reconsider that is the subject of this Order. (Doc. 44). Accordingly, the Court will treat Petitioner's Motion to Reconsider as a Rule 59(e) Motion to Alter or Amend a Judgment. *See Haines v. Kerner*, 404

U.S. 519, 520 (1972) (per curiam) (admonishing that *pro se* complaints are "[held] to less stringent standards than formal pleadings drafted by lawyers").

The U.S. Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

Petitioner's Rule 59(e) motion fails to demonstrate any "manifest error[] of law or fact or to present newly discovered evidence," such that would cause this Court to reconsider its denial of his § 2255 motion. Indeed, Petitioner concedes that the sole argument raised in his Rule 59(e) motion—specifically, that the U.S. Seventh Circuit's decision in *Hugi v. United States*, 164 F.3d 378 (7th Cir. 1999) supports his claim that his bank fraud conviction is invalid—"was raised in the response to the Magistrate Judge's Report and Recommendation." (Doc. 44 at p. 1; *see also* Doc. 41 at pp. 1–2 (Petitioner's Response to Magistrate Judge's Report discussing "the Jurisdictional argument in *Hugi v. United States*")). Having already been considered and rejected, (*see* Doc. 43 at p. 2 (noting that Petitioner's "written objection[s]" were "carefully considered")), this argument cannot now serve as a

2

basis for amending or modifying the judgment in Petitioner's case. *Templet*, 367 F.3d at 478–79.

In sum, Petitioner has failed to carry his burden of proving that the "extraordinary remedy" of reconsideration of judgment is required here. *Id.* at 479. Nor has Petitioner "made a substantial showing of the denial of a constitutional right," as required for issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION TO RECONSIDER (Doc. 44)** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability to appeal this Court's denial of his § 2255 motion is also **DENIED**.

Baton Rouge, Louisiana, this 22nd day of January, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**